IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | No. 3:17-cr-443-K |
| | § | |
| DEMARCUS RIVERS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

By an electronic order dated October 25, 2021, United States District Judge Ed Kinkeade referred this matter to the undersigned United States magistrate judge to conduct a hearing on the alleged violations contained in the Petition for Person Under Supervision filed with the Court on September 16, 2020 [Dkt. No. 35] and to make findings and a recommendation for modification, revocation, or termination of the defendant's term of supervised release, including a recommended disposition under 18 U.S.C. § 3583(e). *See* Dkt. No. 47.

Defendant Demarcus Rivers personally appeared in person and through counsel for a final revocation hearing on November 16, 2021.

After consideration of the filings, evidence by way of counsel's proffer, oral argument, and applicable law, the undersigned recommends that Defendant's term of supervised release should be revoked as explained below.

## Background

Defendant Demarcus Rivers was sentenced to a sentence of 15 months custody, followed by a 1-year supervised release term, for violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Defendant began his term of supervised release on November 19, 2019.

A.   <u>**Alleged Violations**</u>

On August 20, 2020, the supervising United States Probation Officer (USPO) submitted a petition for offender under supervision (Petition) alleging the following, including three violations:

The probation officer believes that the person under supervision violated the following conditions:

## I.

**Violation of Mandatory Condition No. 2**
You must not unlawfully possess a controlled substance.

**Violation of Mandatory Condition No. 3**
You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drugs tests thereafter, as determined by the court.

**Violation of Special Condition**
The defendant shall participate in a program (inpatient and/or outpatient) approved by the
U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $10 per month.

**Nature of Noncompliance**
Demarcus Rivers violated these conditions of supervision by using marijuana, an illegally controlled substance, in or about February 2020. On

February 28, 2020, Demarcus Rivers submitted a urine sample at the U.S. Probation Office in Dallas, Texas, in the presence of Assistant Supervising U.S. Probation Officer Darwin Shaw (ASUSPO Shaw) that tested positive for marijuana. Demarcus Rivers denied using marijuana. Subsequently, an Alere Toxicology report confirmed the sample was positive for marijuana.

Demarcus Rivers violated these conditions of supervision by using marijuana, an illegally controlled substance, in or about March 2020. On March 9, 2020, Demarcus Rivers submitted a urine sample at the

U.S. Probation Office in Dallas, Texas, in the presence of U.S. Probation Officer Korah Pounds (USPO Pounds) that tested positive for marijuana. On March 10, 2020, USPO Pounds met with Mr. Rivers to address this drug use. Mr. Rivers denied using marijuana. An Alere Toxicology report confirmed the sample was positive for marijuana. Furthermore, an interpretation report confirmed that Mr. Rivers reused marijuana after his February 28, 2020 submission.

Demarcus Rivers violated these conditions of supervision by using marijuana, cannabidiol (CBD), an illegally controlled substance, in or about June 2020. On June 29, 2020, while virtually speaking with Mr. Rivers about his conduct, he admitted verbally to USPO Pounds that he used marijuana (CBD) after our conversation on June 4, 2020. He was unable to provide the specific date of his use.

## II.

**Violation of Special Condition**
The defendant shall participate in a program (inpatient and/or outpatient) approved by the

U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $10 per month.

**Nature of Noncompliance**
Demarcus Rivers violated this condition of supervised release by failing to submit to random urine drug testing at Homeward Bound Incorporated (HBI), in Dallas, Texas, on January 27,  2020, February 24, 2020, May 21, 2020, June 17, 2020, June 23, 2020, July 15, 2020, July 28, 2020, and August 6, 2020.

Demarcus Rivers violated these conditions of supervised release by failing to participate in outpatient substance abuse treatment at HBI, in Dallas, Texas, on April 20, 2020, April 27, 2020, May 4, 2020, May 11, 2020, May 18, 2020, May 25, 2020, June 1, 2020, June 8, 2020, June 15, 2020, June

22, 2020, June 29, 2020, July 6, 2020, July 13, 2020, July 20, 2020, July 27, 2020, August 3, 2020, August 10, 2020.

## III.

### Violation of Standard Condition No. 2
After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

### Nature of Noncompliance
Demarcus Rivers violated this condition of supervision by failing to report to the probation officer as instructed, in or about July 2020. On July 16, 2020, July 21, 2020, July 29, 2020, July 31, 2020, August 1, 2020, and August 11, 2020, USPO Pounds attempted to contact Mr. Rivers telephonically, by text message, by email correspondence, and through collateral contacts instructing him to report to USPO Pounds. Mr. Rivers failed to contact and report to USPO Pounds as instructed and has absconded supervision.

## IV.

### Violation of Additional Condition
The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

### Nature of Noncompliance
Demarcus Rivers violated this condition of supervision by failing to pay $100 assessment, the total criminal monetary penalty as imposed by the court. On March 11, 2019, Mr. Rivers submitted a $25 payment towards his monetary penalty. On May 26, 2020, USPO Pounds informed Mr. Rivers that he had $75 remaining on his monetary penalty, which he stated he would make a payment the end of the week. Mr. Rivers failed to satisfy the remaining $75 towards his monetary penalty.

### Personal History
Demarcus Rivers began his term supervision on November 5, 2019, in the Northern District of Texas, Dallas Division with an expiration date of November 4, 2020. Mr. Rivers does not have a stable residence and is no longer employed.

Upon the start of supervision, Mr. Rivers was enrolled in substance abuse treatment and testing at Homeward Bound Incorporated. Initially, Mr. Rivers participated as instructed, but his attendance began to decrease after testing positive for marijuana in February 2020 and March of 2020. In

response to his lack of attendance, USPO Pounds met with him to address his lack of compliance. During the meetings with Mr. Rivers, USPO Pounds used staff training aimed at reducing re-arrest (STARR) to address his non-compliance and way of thinking. Unfortunately, Mr. Rivers failed to use the skills provided to him to make better decisions. In an effort to bring Mr. Rivers into compliance, USPO Pounds has attempted to contact him on numerous occasions since June 2020. Mr. Rivers has yet to respond and has absconded supervision.

Dkt. No. 33 at 1-4.  On August 21, 2020, the Court issued a warrant for Defendant.

*See id.* at 5; Dkt. No. 34.

On September 9, 2020, the supervising USPO submitted a First Addendum to the Petition, alleging the following additional violations:

Since the Protect Act Supervised Release Petition of Offender Under Supervision was filed on August 21, 2020, Demarcus Rivers has further violated his conditions of supervised release as follows:

## I.

**Violation of Mandatory Condition No. 1**
You must not commit another federal, state, or local crime.

**Violation of Mandatory Condition No. 2**
You must not unlawfully possess a controlled substance.

**Violation of Standard Condition No. 10**
You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

**Nature of Noncompliance**
Demarcus Rivers violated these conditions supervision as evidenced by his arrest by the Dallas Police Department (DPD) on September 3, 2020, when he Resisted Arrest, Search, or Transport, in violation of Texas Penal Code 38.03, a Class A misdemeanor; Attempted to Evade Arrest/Detention Causing Serious Bodily Injury, in violation of Texas Penal Code Section 38.04(b)(2)(B), a Third-Degree Felony; Unlawful Possession of a Firearm by a Felon, in violation of Texas Penal Code Section 46.04(E), a Third-Degree Felony; Assault Public Servant (Peace Officer /Magistrate), in violation of Texas Penal Code

Section 22.01 (b-2), a Second-Degree Felony; and Possession of Marijuana <2oz, in violation of Texas Health and Safety Code Section 481.121(B)(1)), a Class A misdemeanor.

According to DPD Case Report 156926-2020, Demarcus Rivers was stopped for a traffic violation at 3103 E. Ledbetter Drive in Dallas, Texas, by DPD Officer Chase Morris. During the contact, Mr. Rivers exited his vehicle before Officer Morris's approach. After being ordered to stay inside the vehicle, Mr. Rivers began making furtive movements inside the car, specifically reaching under his seat. Mr. Rivers was then ordered out of the vehicle and Officer Morris attempted to pat him down for weapons. Mr. Rivers then physically resisted and attempted to flee on foot when Officer Morris attempted to secure his hands behind his back to pat him down. At the conclusion of the contact, Mr. Rivers was subdued using a K-9 Officer after fighting six officers that were attempting to detain/arrest him. After he was taken into custody, an inventory search was conducted inside the vehicle. Under the driver's seat, Officer Morris found a Smith and Wesson handgun, Officer A. Reagan also found baggies of marijuana inside the center console which were tested and confirmed positive for marijuana. Currently, Mr. Rivers is currently being held at the Dallas County Jail and his bond was set at $53,500 by Magistrate Judge Isabel Cruz.

***The additional violation conduct DOES affect the Statutory Provisions and Chapter 7 Violation Computations previously reported.***

Dkt. No. 35 at 1-2. The Court on September 16, 2020 ordered that "[t]he additional violation(s) be added to the Probation Form 12C order filed on August 21, 2020." *Id.* at 4.

Defendant was arrested on September 27, 2021, *see* Dkt. No. 46, and had his initial appearance before a magistrate judge in this Court that same day, *see* Dkt. No. 41. And he was ordered detained pending a final revocation hearing. *See* Dkt. No. 39.

On October 25, 2021, Defendant filed a Notice of Intent Regarding Revocation Hearing, stating:

Defendant DEMARCUS RIVERS, by his counsel, Assistant Federal Public Defender Douglas A. Morris, hereby provides the following Notice. On October 22, 2021, undersigned counsel visited with Mr. Rivers regarding the upcoming revocation hearing. Mr. Rivers had previously received a copy of the "Petition for Person Under Supervision" (hereinafter

-6-

"Petition"), that was filed on August 21, 2020, and he previously received a copy of the "Addendum to Petition for Person Under Supervision" (hereinafter "Addendum"), which was filed on September 16, 2020. Mr. Rivers confirmed that he had reviewed the aforementioned material and during the meeting he was able to ask questions of undersigned counsel and is currently satisfied with the responses to those questions.

In regards to the violations within the Petition, though he thought he paid the special assessment while in the custody of the Bureau of Prisons, Mr. Rivers agrees that he violated the mandatory, standard, and special conditions that are included in the Petition, and he pleads "True" to those allegations within the Petition.

As to the violations within the Addendum, while he may not completely agree with the narrative related to the allegations, because Mr. Rivers has pleaded guilty in State court to the offenses of Assault of a Peace Officer, Unlawful Possession of a Firearm, Resisting Arrest, and Evading Arrest/Detention, Mr. Rivers pleads "True" to those allegations within the Addendum.

As to the Possession of Marijuana, he pleads "Not True" to this uncharged conduct within the Addendum. Mr. Rivers requests that this Court consider going forward without including the uncharged, (Grade C), conduct at the revocation hearing.

Lastly, Mr. Rivers disagrees that the appropriate, highest violation Grade is Grade A. See (Addendum, p.2.) It might have been that at the time of the filing of the Addendum that one of the convictions and the associated conduct triggered a finding of "crime of violence." Compare (Addendum p.2) with United States Commission, Guidelines Manual, § 7B1.1(a)(1)(A)(i) (Nov. 2018). Since the filing of the Addendum, however, the Court held that statutes that can be committed with a reckless mens rea do not fall within the "force clause" of 18 U.S.C. § 924(e)(2)(B)(i), which is identical to the "force clause" of U.S.S.G. § 4B1.2(a)(1), which applies here via U.S.S.G. § 7B1.1, comment. (n.2). *See Borden v. United States*, 141 S.Ct. 1817, 1821-34 (2021); *United States v. Olvera-Martinez*, No.18-40338, 858 Fed. Appx. 145, 145-46 (5th Cir. Aug. 27, 2021) (per curiam) (unpublished). Instead, the highest violation Grade is Grade B, which, when combined with a Criminal History Category II, triggers a sentence range of 6-12 months. At the revocation hearing, Mr. Rivers will request a sentence within the above guideline sentence-range and no additional supervision.

Dkt. No. 48 at 1-1.

On November 2, 2021, the supervising USPO submitted a Second Addendum to the Petition, alleging the following additional information:

-7-

Since the Protect Act Supervised Release Petition for the Person Under Supervision was filed on August 21, 2020, and the first addendum was filed on September 16, 2020, the U.S. Probation Office acquired additional information regarding Demarcus Rivers' pending criminal case in Dallas, County, Texas as noted below in Allegation I.

The petition also alleges the imprisonment range under the Chapter 7 Violation Computation is 15-21 months custody and a Grade A violation; however, based on the violations, the appropriate imprisonment range is 6-12 months custody, and the violation range is B.:

### I.

**Violation of Mandatory Condition No. 1**
You must not commit another federal, state, or local crime.

**Violation of Mandatory Condition No. 2**
You must not unlawfully possess a controlled substance.

**Violation of Standard Condition No. 10**
You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

**Nature of Noncompliance**
Demarcus Rivers violated these conditions supervision as evidenced by his arrest by the Dallas Police Department (DPD) on September 3, 2020, when he Resisted Arrest, Search, or Transport, in violation of Texas Penal Code 38.03, a Class A misdemeanor; Attempted to Evade Arrest/Detention Causing Serious Bodily Injury, in violation of Texas Penal Code Section 38.04(b)(2)(B), a Third-Degree Felony; Unlawful Possession of a Firearm by a Felon, in violation of Texas Penal Code Section 46.04(E), a Third-Degree Felony; Assault Public Servant (Peace Officer /Magistrate), in violation of Texas Penal Code Section 22.01 (b-2), a Second-Degree Felony; and Possession of Marijuana <2oz, in violation of Texas Health and Safety Code Section 481.121(B)(1)), a Class A misdemeanor.

On September 3, 2021, Demarcus Rivers plead guilty to the offenses of Assault Public Servant (Peace Officer /Magistrate), in violation of Texas Penal Code Section 22.01 (b-2), a Second-Degree Felony, Assault of a Peace Officer and Unlawful Possession of a Firearm by a Felon, in violation of Texas Penal Code Section 46.04(E), a Third-Degree Felony. The case was heard before the 283rd Judicial District Court of Dallas County, Texas, before Magistrate Judge Lela Lawrence Mays. At the conclusion of the hearing, he was sentenced to five years' deferred probation to run concurrent with each other. He was also

ordered to pay $290 per count in court costs, and $4,000 in restitution for the loss sustained by the injured party in the Assault on a Peace Officer offense.

On September 23, 2021, Demarcus Rivers appeared in Dallas County Criminal Court #1 before Magistrate Judge Dan Patterson for the offense of Evade Arrest/Detention Causing Serious Bodily Injury, in violation of Texas Penal Code Section 38.04(b)(2)(B), a Third-Degree Felony. The charge was reduced to a Class A misdemeanor, and Mr. Rivers plead Nolo Contendere/Guilty. He was sentenced to 15 days in jail and received credit for time served. On this date, he also plead nolo contendere/guilty to Resisted Arrest, Search, or Transport, in violation of Texas Penal Code 38.03, a Class A misdemeanor. He was sentenced to 15 days in jail and received credit for time served.

….

**The additional violation conduct DOES NOT affect the Statutory Provisions; however, it DOES affect the Chapter 7 Violation Computations previously reported.**

Dkt. No. 50 at 1-3. The Court the next day ordered that "[t]he additional violations be added to the Probation Form 12C order filed on [August 21, 2020] and the addendum filed on September 16, 2020." *Id.* at 4.

## B.  <u>Revocation Hearing</u>

Defendant appeared with counsel for a final revocation hearing on November 16, 2021. After his consents and competence were established, Defendant testified under oath that he understood the violations alleged in the Petition and First Addendum and Second Addendum and the range of punishment for those violations. He understood that he had the right to plead not true and have a hearing concerning whether he committed those violations. Defendant knowingly and voluntarily consented to enter his pleas to the violations alleged in the Petition and the addenda before a United States Magistrate Judge and waived any right to allocute before the district judge before sentence is imposed.

-9-

Defendant agreed to – and did – plead true to the alleged violations numbered I, II, III, and IV in the Petition and First Addendum and Second Addendum, with the exception of the allegations in the First Addendum regarding the Possession of Marijuana charge, which the government did not object to dropping for these purposes.

And Defendant's counsel and Defendant and the government each made statements related to the appropriate punishment on revocation for these violations. Defendant's counsel urged the Court to impose a sentence within the 6- to 12-month guideline range, to run concurrent with the state sentences noted in the Second Addendum. The government urged that Defendant be revoked and sentenced within the recommended 6- to 12-month range. Defendant himself expressed remorse and took responsibility for his actions.

At the conclusion of the hearing, the undersigned orally recommended that Judge Kinkeade accept Defendant's pleas of true to the alleged violations numbered I, II, III, and IV in the Petition and First Addendum and Second Addendum, that Judge Kinkeade find that Defendant violated his supervised release conditions as alleged by the violations numbered I, II, III, and IV in the Petition and First Addendum and Second Addendum (other than the allegations in the First Addendum regarding the Possession of Marijuana charge), that Defendant's term of supervised release be revoked, and that Defendant be sentenced to a term of imprisonment of 6 months, to run concurrent with the 15-day state court sentences noted in the Second Addendum and with no term of supervised release and with credit for time served.

And Defendant was advised of his right to object to these recommendations to Judge Kinkeade.

## Analysis

Section 3583(e)(3) of Title 18 provides that after considering the factors set out in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), a court may

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case[.]

18 U.S.C. § 3583(e)(3). The relevant factors in § 3553(a) to be considered are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> ***
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> ***
> (4) the kinds of sentence and the sentencing range established for--
> > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
> > > (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress

-11-

(regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement--

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3553(a), 3583(e)(3).

The United States Court of Appeals for the Fifth Circuit has held that courts may not consider the factors listed in § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011). Nor may courts impose or lengthen a prison term in order to foster a defendant's rehabilitation. *See United States v. Tapia*, 131 S. Ct. 2382 (2011).

Revocation of a term of supervised release is mandatory if the defendant possesses a controlled substance, possesses a firearm, refuses to comply with drug

testing, or tests positive for illegal controlled substances more than three times over the course of one year. *See* 18 U.S.C. § 3583(g). But 18 U.S.C. § 3583(d) also provides that "[t]he court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test." 18 U.S.C. § 3583(d); *see also United States v. Brooker*, 858 F.3d 983 (5th Cir. 2017) (noting the issue of whether the Section 3853(d) exception applies where the established violations of a defendant's conditions of supervised release include more than failing a drug test).

Based on Defendant's knowing and voluntary pleas of true to the alleged violations numbered I, II, III, and IV in the Petition and First Addendum and Second Addendum, Defendant has violated his conditions of supervised release, and revocation of his supervised release is mandatory based on possession of a controlled substance and refusal to comply with drug testing. Even insofar as Section 3583(d) requires the Court to consider the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, as a possible exception to mandatory revocation where Defendant's violations include possession of a controlled substance and failure to comply with drug testing, the Court should not, in its discretion, apply this exception where Defendant has already been enrolled in drug treatment and yet against engaged in illegal drug use. Because Defendant has been unwilling or unable to follow his

conditions of supervised release and resumed involvement in illegal drug use, after considering the relevant factors identified in § 3583(e) that are set forth in § 3553(a), a term of incarceration is warranted to appropriately address his violations.

As set out in the Petition and the addenda, the statutory maximum term of incarceration upon revocation of Defendant's supervised release is 2 years. *See* Dkt. No. 33 at 4 (citing 18 U.S.C. § 3583(e)(3)); Dkt. No. 35 at 2 (same); Dkt. No. 50 at 2 (same). Based on the allegations to which Defendant pleaded true, he is subject to a violation grade of B and a criminal history category of II, and the resulting range of imprisonment under United States Sentencing Guideline (USSG) § 7B1.4(a) is 6-12 months. Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation, but the maximum term of supervised release must not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. *See* Dkt. No. 33 at 4 (citing 18 U.S.C. § 3583(h)); Dkt. No. 35 at 2 (same); Dkt. No. 50 at 2 (same). Defendant is subject to a maximum term of supervised release of up to 3 years, minus any revocation sentence. Dkt. No. 33 at 4 (citing 18 U.S.C. § 3583(h)); Dkt. No. 35 at 2 (same); Dkt. No. 50 at 2 (same).

Here, a sentence of 6 months with no additional term of supervised release would accomplish the relevant sentencing objectives, as identified in 18 U.S.C. § 3583(e)(3) and set forth in 18 U.S.C. § 3553(a). Defendant has a history of failing to comply with his conditions of supervision. But a sentence at the low end of the

guideline range will serve to deter future criminal activity and assist Defendant with learning from and avoiding further problematic behavior in the future. And the undersigned finds that an additional term of supervised release is not part of the appropriate sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing.

## Recommendation

Defendant Demarcus River's term of supervised release should be revoked, and he should be committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 6 months to run concurrent with the 15-day state court sentences noted in the Second Addendum and with no term of supervised release and with credit for time served, and, as requested by Defendant's counsel, the Court should recommend to the Bureau of Prisons that Defendant be placed in FCI Seagoville or, alternatively, within the Northern District of Texas.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 16, 2021

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE